# UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

EXPRESS SCRIPTS, INC. ET AL.,

*Plaintiffs-Appellees*,

*v.*

RODNEY RICHMOND ET AL.,

*Defendants-Appellants*.

Appeal from the United States District Court for the Eastern District of Arkansas, Nos. 4:25-cv-520, 4:25-cv-524, 4:25-cv-561, 4:25-cv-598 (Miller, J.)

## BRIEF FOR ESI PLAINTIFFS-APPELLEES REGARDING TRICARE PREEMPTION

SCOTT P. RICHARDSON
BART W. CALHOUN
BRITTANY DAWN WEBB
LAUREN E. MCCAULEY
MCDANIEL WOLFF PLLC
1307 West Fourth Street
Little Rock, Arkansas 72201
(501) 954-8000

DANIEL S. VOLCHOK
JENNIFER MILICI
KEVIN M. LAMB
JOSEPH M. MEYER
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000

January 28, 2026

## SUMMARY OF THE CASE

Plaintiffs in these consolidated cases obtained a preliminary injunction of Arkansas Act 624, which would banish from the state any pharmacy affiliated with a pharmacy benefits manager ("PBM"). As explained in a separate brief filed by other Plaintiffs, the district court correctly ruled that Act 624 likely violates the U.S. Constitution's dormant Commerce Clause. This brief defends the district court's additional ruling that Act 624 is likely preempted as to Express Scripts, Inc. ("ESI"), a PBM, and its affiliated pharmacies (collectively, "ESI Plaintiffs") that are under contract with the federal government to deliver pharmacy services through the federal healthcare program known as TRICARE. In this Court, Defendants have expressly abandoned any challenge to the TRICARE ruling—and thus no such challenge is properly before this Court—but *Amici* supporting Defendants seek to challenge the ruling. ESI Plaintiffs therefore file this brief in response.

This Court need not hear oral argument regarding TRICARE preemption, both because the issue is forfeited on appeal and because the district court's analysis of the issue is plainly correct. But if the Court wishes to hear argument on this issue (which affects only ESI Plaintiffs), ESI Plaintiffs request five minutes of Plaintiffs' total argument time to address the issue.

i

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eighth Circuit Rule 26.1A, ESI Plaintiffs provide the following disclosures:

Express Scripts, Inc. is a non-governmental corporate party that is a wholly owned subsidiary of Evernorth Health, Inc., which is a wholly owned subsidiary of The Cigna Group.

Express Scripts Pharmacy, Inc. is a non-governmental corporate party that is a wholly owned subsidiary of Medco Health Services, Inc., which is a wholly owned subsidiary of Medco Health Solutions, Inc., which is a wholly owned subsidiary of Evernorth Health, Inc., which is a wholly owned subsidiary of The Cigna Group.

ESI Mail Pharmacy Service, Inc. and Express Scripts Specialty Distribution Services, Inc. are non-governmental corporate parties that are wholly owned subsidiaries of Express Scripts, Inc., which is a wholly owned subsidiary of Evernorth Health, Inc., which is a wholly owned subsidiary of The Cigna Group.

Accredo Health Group, Inc. is a non-governmental corporate party that is a wholly owned subsidiary of Accredo Health, Inc., which is a wholly owned subsidiary of Medco Health Solutions, Inc., which is a wholly owned subsidiary of Evernorth Health, Inc., which is a wholly owned subsidiary of The Cigna Group.

Appellate Case: 25-2529    Page: 3    Date Filed: 01/30/2026 Entry ID: 5602908

Lynnfield Drug, Inc. d/b/a Freedom Fertility Pharmacy and Lynnfield Compounding Center, Inc. d/b/a Freedom Fertility FP Pharmacy are non-governmental corporate parties that are wholly owned subsidiaries of Priority Healthcare Corporation, which is a wholly owned subsidiary of CuraScript, Inc., which is a wholly owned subsidiary of Express Scripts, Inc., which is a wholly owned subsidiary of Evernorth Health, Inc., which is a wholly owned subsidiary of The Cigna Group.

Village Fertility Pharmacy, LLC is a non-governmental corporate party that is a wholly owned subsidiary of ABD Group Inc., which is a wholly owned subsidiary of Priority Healthcare Corporation, which is a wholly owned subsidiary of CuraScript, Inc., which is a wholly owned subsidiary of Express Scripts, Inc., which is a wholly owned subsidiary of Evernorth Health, Inc., which is a wholly owned subsidiary of The Cigna Group.

The Cigna Group is a publicly traded company that has no parent corporation.

No other publicly held corporation owns 10% or more of the stock of any of the parties discussed above.

Appellate Case: 25-2529    Page: 4    Date Filed: 01/30/2026 Entry ID: 5602908

# TABLE OF CONTENTS

Page

SUMMARY OF THE CASE ....................................................................i

CORPORATE DISCLOSURE STATEMENT ....................................... ii

TABLE OF AUTHORITIES ...............................................................v

INTRODUCTION .................................................................................1

ISSUE PRESENTED ...........................................................................3

STATEMENT OF THE CASE ..............................................................3

      A.    The Federal TRICARE Program Provides Health
           Benefits To Current And Retired Military
           Servicemembers And Their Families ....................................3

      B.    The U.S. Defense Department Relies On ESI-Affiliated
           Pharmacies To Provide TRICARE Benefits Nationwide,
           Including In Arkansas ..........................................................5

      C.    The District Court Held That TRICARE Preempts Act
           624 ......................................................................................6

SUMMARY OF ARGUMENT .............................................................7

ARGUMENT .......................................................................................8

I.     THE DISTRICT COURT'S TRICARE RULING IS NOT PROPERLY
      BEFORE THIS COURT ...................................................................8

II.    THE DISTRICT COURT'S TRICARE RULING IS CORRECT .............10

      A.    Express Preemption ...........................................................10

      B.    Implied Preemption ...........................................................14

CONCLUSION ..................................................................................19

Appellate Case: 25-2529    Page: 5    Date Filed: 01/30/2026 Entry ID: 5602908

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008) ..........................12

*Arkansas Blue Cross & Blue Shield v. St. Mary's Hospital, Inc.*, 947
F.2d 1341 (8th Cir. 1991) .............................................................14

*Barham v. Reliance Standard Life Insurance Co.*, 441 F.3d 581 (8th
Cir. 2006)....................................................................................9

*Continental Insurance Cos. v. Northeastern Pharmaceutical &
Chemical Co.*, 842 F.2d 977 (8th Cir. 1988)....................................9

*Donovan v. Anheuser-Busch, Inc.*, 666 F.2d 315 (8th Cir. 1981) ..........12

*Dziadek v. Charter Oak Fire Insurance Co.*, 867 F.3d 1003 (8th Cir.
2017)..........................................................................................9

*Freitas v. Wells Fargo Home Mortgage, Inc.*, 703 F.3d 436 (8th Cir.
2013)..........................................................................................9

*Heuton v. Ford Motor Co.*, 930 F.3d 1015 (8th Cir. 2019)....................8

*In re Aurora Dairy Corp.*, 621 F.3d 781 (8th Cir. 2010) ..................10, 14

*Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90 (1991)............10

*Leslie Miller, Inc. v. Arkansas*, 352 U.S. 187 (1956) ......................3, 15, 16, 17, 18

*Mid-Northern Oil Co. v. Walker*, 268 U.S. 45 (1925)..........................12

*Robinson v. Norling*, 25 F.4th 1061 (8th Cir. 2022)..........................8, 10

*Sperry v. Florida ex rel. Florida Bar*, 373 U.S. 379 (1963)................3, 17

*Student Loan Servicing Alliance v. District of Columbia*, 351
F.Supp.3d 26 (D.D.C. 2018)........................................................15

*United States v. Sineneng-Smith*, 590 U.S. 371 (2020) ......................9, 10

*United States v. Vig*, 167 F.3d 443 (8th Cir. 1999) ................................12

v

# STATUTES, RULES, AND REGULATIONS

10 U.S.C.
    §1071 ....................................................................................3, 7, 14, 15
    §1073 ....................................................................................4, 7, 14, 15
    §1073a...................................................................................5, 6, 15
    §1074g.............................................................................4, 7, 14, 15, 18
    §1103(a)......................................................................2, 3, 7, 11, 12, 13

32 C.F.R.
    §199.6(d)(3) ........................................................................13, 16
    §199.17(a)(7)(i) ...................................................................3, 11
    §199.21 ..........................................................................3, 4, 11, 13, 16

Arkansas Code Annotated §17-92-416(d) .........................................18, 19

Federal Rule of Appellate Procedure 28(i) ..............................................1

# LEGISLATIVE MATERIALS

Act 624, 95th General Assembly, Regular Session (Ark. 2025)
    §1(b)........................................................................2, 7, 11, 13
    §2 .........................................................................................18, 19

U.S. House of Representatives Report 119-231 (2025) .........................................15

U.S. Senate Report 100-57 (1987).........................................................14

# OTHER AUTHORITIES

Congressional Research Service, IN12053, *TRICARE's 5th
    Generation Pharmacy Contract: TPharm5* (Nov. 2022),
    https://www.congress.gov/crs-product/IN12053.........................................3, 4

**INTRODUCTION**

Plaintiffs in these consolidated cases provide safe, convenient, and affordable pharmacy services to hundreds of thousands of Arkansans. That includes over 20,000 military servicemembers, retirees, and family members in Arkansas who receive care from ESI Plaintiffs through the federal healthcare program known as TRICARE. Arkansas Act 624 would harm these people by banishing Plaintiffs from the state—stripping Plaintiffs of pharmacy licenses they have maintained in good standing for decades—simply because Plaintiffs are affiliated with a PBM.

Granting Plaintiffs' motions for a preliminary injunction, the district court ruled that Act 624 likely (1) violates the U.S. Constitution's dormant Commerce Clause and (2) is preempted as applied to the ESI Plaintiffs that are under contract with the federal government to provide TRICARE services nationwide, including in Arkansas. ESI Plaintiffs join and adopt by reference the arguments in the other Plaintiffs' brief regarding the dormant Commerce Clause and the non-merits factors supporting preliminary relief. *See* Fed. R. App. P. 28(i). ESI Plaintiffs submit this separate brief to address TRICARE preemption, which affects only them.

The district court correctly ruled that Act 624 is preempted by TRICARE. The law is preempted expressly because TRICARE's enabling statute and

1

implementing regulations contain explicit preemptive language that encompasses Act 624. And the law is preempted implicitly because Act 624 poses an obstacle to Congress's intent to have the U.S. Department of Defense ("DoD") operate a stable, uniform, and nationwide TRICARE program. In this Court, Defendants have abandoned any challenge to this ruling, stating (Br.15 n.3) that they "do not renew" the "only" TRICARE argument they made below. *Amici* challenge the district court's TRICARE ruling, but this Court's and the Supreme Court's precedent applying the party-presentation principle precludes consideration of arguments pressed only by *Amici*. Accordingly, the TRICARE issue is not properly before this Court.

In any event, *Amici*'s arguments lack merit. With respect to express preemption, *Amici*'s argument rests on the absurd contention that Act 624—which describes itself as relating to "healthcare delivery," Act 624 §1(b)—does not fall within the TRICARE statute's provision preempting state laws "relating to … health care delivery," 10 U.S.C. §1103(a). And while express preemption alone suffices to affirm, *Amici*'s argument that Act 624 is not implicitly preempted because TRICARE services could theoretically be delivered by non-PBM affiliated pharmacies ignores that DoD has specifically contracted for ESI-affiliated pharmacies to serve as TRICARE's mail-order pharmacies.

2

Given Defendants' waiver, this Court need not and should not address TRICARE preemption.  But if it does, it should affirm the district court's ruling.

## ISSUE PRESENTED

This brief addresses the district court's holding that Act 624 is likely preempted by TRICARE.  As explained, that issue is not properly before this Court, but if the Court nonetheless addresses it, the most apposite authorities are:

- 10 U.S.C. §1103(a)

- 32 C.F.R. §§199.17(a)(7)(i), 199.21(o)(1)

- *Sperry v. Florida ex rel. Florida Bar*, 373 U.S. 379 (1963)

- *Leslie Miller, Inc. v. Arkansas*, 352 U.S. 187 (1956) (per curiam)

## STATEMENT OF THE CASE

### A.    The Federal TRICARE Program Provides Health Benefits To Current And Retired Military Servicemembers And Their Families

Through the TRICARE program, DoD provides statutorily required healthcare entitlements to military servicemembers, retirees, and their families. *See* 10 U.S.C. §1071 *et seq.*  TRICARE offers healthcare benefits—including pharmacy benefits—to approximately 9.6 million beneficiaries nationwide and overseas.  *See* Congressional Research Service, IN12053, *TRICARE's 5th Generation Pharmacy Contract: TPharm5* at 1 (Nov. 2022).  TRICARE

3

beneficiaries may receive services at military treatment facilities, such as DoD-operated hospitals, clinics, and pharmacies, or via networks of participating civilian healthcare providers. *Id.*

TRICARE's enabling statute requires DoD to "establish an effective, efficient, [and] integrated pharmacy benefits program" as part of TRICARE. 10 U.S.C. §1074g. This program—the TRICARE Pharmacy Benefits Program, 32 C.F.R. §199.21—must satisfy myriad requirements. For example, it must make prescription drugs available to TRICARE beneficiaries through DoD-operated pharmacies, a retail pharmacy network, and a national mail-order pharmacy program. 10 U.S.C. §1074g(a)(2)(E). Congress has also generally required TRICARE beneficiaries "to refill non-generic prescription maintenance medications"—that is, long-term medications—only "through military treatment facility pharmacies or the national mail-order pharmacy program." *Id.* §1074g(a)(9)(A). In other words, beneficiaries may not refill these medications at retail pharmacies.

The Defense Health Agency ("DHA"), the component of DoD that administers TRICARE, does so by contracting with private health insurance and healthcare delivery companies. 10 U.S.C. §1074g(a)(2)(E). In awarding contracts, DHA must ensure that TRICARE "provide[s] a stable program of benefits," *id.* §1073(b), and it may award contracts only to "the offeror … that will provide the

Appellate Case: 25-2529     Page: 11     Date Filed: 01/30/2026 Entry ID: 5602908

best value to the United States to the maximum extent consistent with furnishing high-quality health care in a manner that protects the [country's] fiscal and other interests," *id.* §1073a(a).

### B. The U.S. Defense Department Relies On ESI-Affiliated Pharmacies To Provide TRICARE Benefits Nationwide, Including In Arkansas

Since 2003, DHA has contracted with ESI to deliver pharmacy services to TRICARE beneficiaries. App. 247; R. Doc. 18, at 3. (All record citations herein are to the docket in case 4:25-cv-520 (E.D. Ark.).) The current contract, known as TPharm5, provides that ESI's "mail order facilities shall dispense and deliver medications to TRICARE beneficiaries" nationwide through at least 2029. App. 208; R. Doc. 1, at 61. ESI delivers these services—including to over 20,000 Arkansans—through Express Scripts Pharmacy, which is ESI's "Mail Order Pharmacy" under the contract. App. 247-248; R. Doc. 18, at 3-4. ESI informed DoD of its intent to use Express Scripts Pharmacy as TRICARE's mail-order pharmacy when ESI applied for its TRICARE contract, meaning DoD approved the involvement of Express Scripts Pharmacy in granting the contract to ESI. App. 248; R. Doc. 18, at 4. Similarly, under section C.6.1.1 of the TPharm5 contract, ESI has "designated," and the government has "approved," Accredo and Freedom Fertility (other ESI-affiliated pharmacies) to "dispense specialty [pharmaceutical] agents … under a mail order" to TRICARE beneficiaries. App. 208; R. Doc. 1, at

5

61. In 2024, Accredo and Freedom Fertility shipped over 10,000 prescriptions to Arkansan TRICARE beneficiaries. App. 248; R. Doc. 18, at 4.

ESI's use of affiliated pharmacies eliminates transaction costs and other inefficiencies in administering mail-order pharmacy services to TRICARE beneficiaries. App. 248-249; R. Doc. 18, at 4-5. These cost savings are what enable ESI to "provide the best value," 10 U.S.C. §1073a(a), to TRICARE beneficiaries and the government. App. 249; R. Doc. 18, at 5.

### C. The District Court Held That TRICARE Preempts Act 624

As relevant here, ESI Plaintiffs moved for a preliminary injunction on the ground that TRICARE preempts Act 624, and the district court granted that motion, Add. 1; App. 775; R. Doc. 73, at 1, after ruling that ESI Plaintiffs are likely to succeed on this claim, Add. 4; App. 778; R. Doc. 73, at 4.

More specifically, the court concluded that "Act 624 is both explicitly and impliedly preempted" as applied to ESI and its affiliated pharmacies that serve TRICARE patients. Add. 9; App. 783; R. Doc. 73, at 9. Act 624 is explicitly preempted, the court explained, because it "prohibits PBM-owned pharmacies from delivering healthcare to Arkansas patients" and thus falls under the TRICARE statute's preemption of state laws "related to health care delivery" that are "inconsistent with" TRICARE. *Id*. And Act 624 is "implicitly preempted" because it subjects TRICARE "to the Arkansas [Act 624] license requirements,"

6

thus "giv[ing] the State's [pharmacy] board a virtual power of review over the federal" contracting for TRICARE, and "frustrat[ing] the 'stability,' 'uniform[ity],' and 'national' character of TRICARE."  Add. 10; App. 784; R. Doc. 73, at 10 (quoting 10 U.S.C. §§1071, 1073(b), 1074g(a)(2)(E)(iii)).

## SUMMARY OF ARGUMENT

The district court rightly concluded that Act 624 is both expressly and implicitly preempted by TRICARE.  Act 624 accordingly cannot apply to ESI, Express Scripts Pharmacy, Accredo, and Freedom Fertility, each of which is contractually obligated to provide TRICARE services nationwide.

I.      The district court's TRICARE ruling is not properly before this Court. Defendants expressly abandoned (Br.15 n.3) any challenge to that ruling by "not renew[ing]" the "only" TRICARE argument they made below.  And *Amici*'s TRICARE arguments are not cognizable under this Court's and the Supreme Court's precedents applying the party-presentation principle.

II.      In any event, *Amici*'s TRICARE arguments lack merit.  Their argument against express preemption—that Act 624 is not covered by the TRICARE statute's preemption of laws "relating to … health care delivery," 10 U.S.C. §1103(a)—ignores that Act 624 describes itself as relating to "healthcare delivery," Act 624 §1(b), and defines who may deliver pharmaceutical healthcare to Arkansans.  As for implied preemption, *Amici*'s argument that TRICARE

7

services could theoretically be delivered by non-PBM affiliated pharmacies ignores not only the fact that DoD has specifically contracted for ESI-affiliated pharmacies to deliver TRICARE benefits, but also this Court's and the Supreme Court's cases forbidding state interference with federal government contracts.

## ARGUMENT

### I. THE DISTRICT COURT'S TRICARE RULING IS NOT PROPERLY BEFORE THIS COURT

No challenge to the district court's TRICARE ruling is properly before this Court.

Defendants concede (Br.15 n.3) that they "did not dispute that Act 624 was expressly preempted by TRICARE below." That precludes appellate review of any express-preemption challenge, as an argument "not raise[d] … before the district court" is "waived" on appeal. *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1022 (8th Cir. 2019). Defendants also note (Br.15 n.3) that the "only" TRICARE argument they made below was "that the TRICARE preemption [claim] was unripe"—and they "do not renew" that argument on appeal. This constitutes "intentional relinquishment," which makes the district court's TRICARE ruling "entirely unreviewable on appeal." *Robinson v. Norling*, 25 F.4th 1061, 1062-1063 (8th Cir. 2022).

If more were needed, Defendants' abandonment is confirmed by both the omission of TRICARE from their statement of the issues (Br.2) and the lack of a

single word about TRICARE in their argument section.  "A party's failure to raise or discuss an issue in [its appellate] brief is to be deemed an abandonment of that issue."  *Freitas v. Wells Fargo Home Mortgage, Inc.*, 703 F.3d 436, 438 n.3 (8th Cir. 2013).  And even if Defendants were to address the argument in reply, this Court does "not consider arguments raised for the first time in a reply brief."  *Barham v. Reliance Standard Life Insurance Co.*, 441 F.3d 581, 584 (8th Cir. 2006).

*Amici*'s attempt to challenge the TRICARE ruling despite Defendants' abandonment should be rejected.  "Ordinarily," this Court "consider[s] only issues argued in the briefs filed by the parties and not those argued in the briefs filed by interested nonparties."  *Continental Insurance Cos. v. Northeastern Pharmaceutical & Chemical Co.*, 842 F.2d 977, 984 (8th Cir. 1988); *accord Dziadek v. Charter Oak Fire Insurance Co.*, 867 F.3d 1003, 1012 n.2 (8th Cir. 2017).  No extenuating circumstance justifies departing from that practice here. Nor, contrary to *Amici*'s suggestion, *see* National Community Pharmacists Association and Arkansas Pharmacists Association ("NCPA") Br.27 n.9, does *United States v. Sineneng-Smith*, 590 U.S. 371 (2020), suggest otherwise. *Sineneng-Smith* states that "[t]he party presentation principle is supple," but the Supreme Court recognized that such flexibility applies only "absent intelligent

9

waiver." *Id*. at 376 (quotation marks omitted). Here, Defendants' intelligent

waiver removes any room to depart from the party-presentation principle.

*Amici*'s reliance (NCPA Br.27-28 n.9) on *Kamen v. Kemper Financial*

*Services, Inc.*, 500 U.S. 90 (1991), is similarly misplaced. *Kamen* countenances

consideration of "legal theories" not presented by a party only with respect to "an

issue or claim [that] is properly before the court." *Id.* at 99. Again, given

Defendants' waiver, the TRICARE issue is not properly before the Court.

Finally, supplemental briefing on TRICARE (*see* NCPA Br.28 n.9) would

be inappropriate for the same reason: Defendants have "intentionally

relinquished" their opportunity to dispute preemption, making the issue "entirely

unreviewable." *Robinson*, 25 F.4th at 1062-1063.

## II. THE DISTRICT COURT'S TRICARE RULING IS CORRECT

If the Court addresses the district court's TRICARE ruling, that ruling

should be affirmed. Although either express or implied preemption would be

sufficient on its own, the federal TRICARE program preempts Act 624 both

expressly and implicitly.

### A. Express Preemption

Act 624 is expressly preempted because TRICARE's enabling statute and

implementing regulations contain directly applicable "express preemptive

language," *In re Aurora Dairy Corp.*, 621 F.3d 781, 792 (8th Cir. 2010). The

10

statute provides that state laws "relating to … health care delivery … shall not apply" if the Defense Secretary determines that "preemption … is necessary to implement or administer the provisions of [a TRICARE] contract or to achieve any other important Federal interest." 10 U.S.C. §1103(a). Exercising this authority, the Secretary has, in two regulations, "determined that in the administration of [TRICARE], preemption of State and local laws relating to … health care delivery … is necessary." 32 C.F.R. §§199.17(a)(7)(i), 199.21(o)(1). Because Act 624 concerns "healthcare delivery," Act 624 §1(b), the district court correctly held the statute expressly preempted.

Only *Amicus* NCPA disputes express preemption, but its arguments lack merit. NCPA argues primarily (Br.28) that Act 624 does not "relat[e] to … health care delivery." But the statute itself states that its "intent" is to "improve *healthcare delivery*." Act 624 §1(b) (emphasis added). In any event, NCPA never explains how a law revoking licenses to deliver pharmaceuticals to patients does not relate to healthcare delivery. And if there were any doubt, the fact that "law[s] relating to … health care delivery" are mentioned in a preemption regulation specifically pertaining to TRICARE's Pharmacy Benefits Program, *see* 32 C.F.R. §199.21(o), confirms that the term applies to laws like Act 624 that would disrupt contractually designated pharmacies' delivery of prescription drugs under that program.

Contrary to NCPA's contention (Br.28), the *ejusdem generis* and *noscitur a sociis* canons do not support reversal. As the Supreme Court has explained, *ejusdem generis* and *noscitur a sociis* may be employed only if they do not render a general term "superfluous," *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 226 (2008), or a "nulli[t]y," *Mid-Northern Oil Co. v. Walker*, 268 U.S. 45, 50 (1925); *accord United States v. Vig*, 167 F.3d 443, 448 (8th Cir. 1999); *Donovan v. Anheuser-Busch, Inc.*, 666 F.2d 315, 327 (8th Cir. 1981). NCPA's construction conflicts with those precedents. NCPA argues that when the TRICARE statute refers to laws "relating to health insurance, prepaid health plans, or other health care delivery or financing methods," 10 U.S.C. §1103(a), the general term "health care delivery" covers only "'insurance, prepaid health benefits,' or other 'financing methods,'" NCPA Br.28 (quoting 10 U.S.C. §1103(a)). But the statute separately refers to "insurance, prepaid health plans," and "financing methods," 10 U.S.C. §1103(a). NCPA's construction thus makes "health care delivery" surplusage.

NCPA responds by claiming (Br.29) that giving independent effect to the broader term "health care delivery" would "render[] superfluous the provisos relating to health insurance and prepaid health benefits," which are more specific. But that too is inconsistent with Supreme Court precedent, which "reject[s] [the] argument that *ejusdem generis* must apply when a broad interpretation of [a] clause could render the specific enumerations unnecessary." *Ali*, 552 U.S. at 227.

12

NCPA next contends (Br.30, 32) that giving "health care delivery" independent effect "would lead to limitless preemption," such that "pharmacies could operate without regard to *any* state-law requirements." That is incorrect. To start, NCPA ignores that the TRICARE statute preempts state law only where "necessary to implement or administer the provisions of [a TRICARE] contract or to achieve any other important Federal interest." 10 U.S.C. §1103(a)(2). In any event, to find express preemption, this Court need not conclude that a law "relating to … health care delivery" means "*any* law relating to healthcare in general," *id*. at 29. The Court need only accept that a "law … relating to … health care delivery," 10 U.S.C. §1103(a), includes a law that expressly describes itself as relating to "healthcare delivery," Act 624 §1(b), and that defines who may deliver pharmaceutical care to Arkansans.

Finally, NCPA cites (Br.30) a regulation stating that "[p]hamacies must meet the applicable requirements of state law in the state in which the pharmacy is located," 32 C.F.R. §199.6(d)(3). But the regulation's next sentence incorporates 32 C.F.R. §199.21, which in turn preempts state "law[s] relating to … health care delivery," *id*. §199.21(o)(1). Being such a law, Act 624 is *not* "applicable" under section 199.6(d)(3).

13

## B. Implied Preemption

While express preemption suffices to affirm, Act 624 is also implicitly preempted, because it "pose[s] an obstacle to the accomplishment of congressional objectives," *In re Aurora*, 621 F.3d at 794.

Seeking to avoid the "effects … of conflicting state … rules and other regulations" on "multi-state [TRICARE] contracts," S. Rep. 100-57, at 151 (1987), Congress fashioned TRICARE to be a "*uniform* program of medical … care," and a "*stable* program of benefits," 10 U.S.C. §§1071, 1073(b) (emphases added). With respect to TRICARE's pharmacy-benefit program, moreover, Congress requires DoD to maintain a "*national* mail-order pharmacy program." *Id*. §1074g (emphasis added). These objectives could not be achieved if Arkansas could bar TRICARE contractors from serving patients in the state—much less if "fifty different states" could do so, which is the proper inquiry for preemption purposes, *Arkansas Blue Cross & Blue Shield v. St. Mary's Hospital, Inc.*, 947 F.2d 1341, 1348 (8th Cir. 1991).

As discussed, *supra* p.5, DoD has contracted for ESI-affiliated pharmacies to serve as TRICARE's nationwide mail-order pharmacies for the past two decades, and through at least 2029. Replacing ESI-affiliated pharmacies in any state, or nationwide, would severely undermine Congress's objective "[t]o achieve … stability" in the TRICARE program, 10 U.S.C. §1073(b). Indeed, a recent

14

congressional report on TRICARE specifically cites "contractor transitions" as a concern. H.R. Rep. 119-231, at 204 (2025). Meanwhile, replacing ESI-affiliated pharmacies in Arkansas alone would *both* undermine "stability," 10 U.S.C. §1073(b), *and* defeat Congress's intent for a "national" and "uniform program," *id.* §§1071, 1074g.

Moreover, replacing ESI-affiliated pharmacies—whether in Arkansas or nationwide—would be costly and undermine patient care, in conflict with Congress's directives that TRICARE "furnish[] high-quality health care" through contractors that "provide the best value to the United States," 10 U.S.C. §1073a(a). As explained in a declaration submitted below (a declaration that neither Defendants nor *Amici* have challenged in this litigation), replacing ESI-affiliated pharmacies would generate significant transition costs and risk disrupting the supply of medications to beneficiaries both in Arkansas and nationwide. *See* App. 248-250; R. Doc. 18, at 4-6.

Case law confirms that Arkansas cannot wield its licensing authority to impair the federal government's contracts. Indeed, "[c]ourts have consistently held that any … state licensing regimes that effectively second guess [the] United States' contracting decisions" are "preempted." *Student Loan Servicing Alliance v. District of Columbia*, 351 F.Supp.3d 26, 62 (D.D.C. 2018) (collecting cases). That includes the Supreme Court's decision in *Leslie Miller, Inc. v. Arkansas*, 352 U.S.

15

187 (1956) (per curiam), which invalidated a prior attempt by Arkansas to impose licensing restrictions on DoD contractors, *see id.* at 190. *Leslie Miller* unanimously held that a federal contractor performing construction on a military base was not required to obtain a license from the Arkansas Contractors Licensing Board, because such a requirement would impermissibly "give the State's licensing board a virtual power of review" over DoD's contracting decisions. *Id.* So too here: Arkansas cannot use its licensing authority to veto federal determinations as to the appropriate pharmacy contractors to carry out a nationwide program. Yet that is what Act 624 purports to do. As a state senator championing the legislation explained, Act 624 is an effort to "use state power to get what [Arkansas] want[s] the federal government to do" with respect to TRICARE. App. 469; R. Doc. 46-2, at 43. The Supremacy Clause bars such efforts.

*Amici*'s counterarguments fail. As to *Leslie Miller*, *Amici* contend that it "cannot support preemption" because a TRICARE regulation "*requires* pharmacies to 'meet the applicable requirements of state law in the state in which the pharmacy is located,'" NCPA Br.33 (quoting 32 C.F.R. §199.6(d)(3)). But as explained, *supra* p.13, the very next sentence of the regulation incorporates a provision that preempts state "law[s] relating to … health care delivery," *id.* §199.21(o)(1). The regulation thus does not save Act 624.

*Amici* also argue that "[n]othing in TRICARE's laws or in its PBM contracts requires that PBMs own or control any of [TRICARE's] dispensing outlets," Community Oncology Alliance ("COA") Br.32, such that "ESI remains free to contract with non-affiliated pharmacies to provide mail-order pharmacy services to TRICARE beneficiaries in Arkansas," NCPA Br.32. This argument fails both legally and factually. It fails legally because the Supreme Court has held that states "may not enforce licensing requirements which, though valid in the absence of federal regulation," impose extra "conditions not contemplated by Congress." *Sperry v. Florida ex rel. Florida Bar*, 373 U.S. 379, 385 (1963); *see also Leslie Miller*, 352 U.S. at 190. Act 624 does precisely that, precluding TRICARE contractors that operate in Arkansas from being affiliated with a PBM. *Amici*'s argument also fails factually, because DoD has specifically approved and contracted for ESI-affiliated pharmacies to serve as TRICARE's mail-order pharmacies. These arrangements are documented in an exhibit attached to ESI Plaintiffs' complaint, *see* App. 208, 242; R. Doc. 1, at 61, 95, and detailed in an unchallenged declaration, *see* App. 247-248; R. Doc. 18, at 3-4—both of which *Amici* ignore. Act 624 thus interferes not with "*ESI's* preferred way of doing business," NCPA Br.33 (emphasis added), but rather with *DoD's* arrangements.

Next, NCPA argues (Br.33) that the "transaction costs and inefficiencies" Act 624 would impose on TRICARE do not support preemption because,

17

according to NCPA, Congress "decided to … tolerate whatever tension there [is] between" TRICARE and conflicting state laws. In reality, that is the opposite of what Congress decided, as reflected by the TRICARE statute's preemption provision. *See supra* pp.10-13.

Finally, NCPA contends (Br.34) that "in the context of this pre-enforcement challenge, ESI has not proven that [Act 624] is an obstacle to the TRICARE program" because "Act 624 permits ESI to continue existing specialty pharmacy services under limited-use permits." This is an abbreviated version of the ripeness argument that Defendants unsuccessfully pressed below but that they "do not renew" (Br.15 n.3) on appeal. It is triply flawed. First, that the Board of Pharmacy "*may* issue a limited use permit," Act 624 §2 (to be codified as Ark. Code Ann. §17-92-416(d)(1)) (emphasis added), does not defeat preemption because such discretion violates the Supreme Court's admonition that state licensing boards cannot enjoy "a virtual power of review" over federal contracting decisions, *Leslie Miller*, 352 U.S. at 190. Second, Act 624 allows limited-use permits only "for certain rare, orphan, or limited distribution drugs," Act 624 §2 (to be codified as Ark. Code Ann. §17-92-416(d)(1)), whereas ESI Plaintiffs' TRICARE obligations include dispensing *all* types of medications, *see* 10 U.S.C. §1074g(a)(2)(A). Third, any limited-use permits would expire in as few as 90 days, and at the latest by September 2027. Act 624 §2 (to be codified as Ark. Code Ann. §17-92-

18

416(d)(2)(A)(ii), (B)).  This short timespan renders any relief offered by a limited-use permit illusory, as DoD's TRICARE contract with ESI runs through 2029.

In sum, if the TRICARE ruling were properly before this Court, it would merit affirmance on both express- and implied-preemption grounds.[*]

## CONCLUSION

If this Court reaches TRICARE preemption, the district court's ruling on that issue should be affirmed.

---

[*] The background section of Defendants' brief includes a drive-by suggestion (p.11) that the district court's TRICARE ruling applies only "to Express Scripts' service of TRICARE patients."  The court articulated no such limitation, holding simply that "plaintiffs are likely to prevail on [their TRICARE] claim," Add. 8; App. 782; R. Doc. 73, at 8—a claim ESI Plaintiffs framed as precluding TRICARE contractors from "hav[ing] their pharmacy licenses revoked under Act 624," R. Doc. 17, at 25.  ESI Plaintiffs preserve the arguments they made below regarding the scope of relief on their TRICARE claim.

January 28, 2026 Respectfully submitted,

/s/ *Daniel S. Volchok*

SCOTT P. RICHARDSON
BART W. CALHOUN
BRITTANY DAWN WEBB
LAUREN E. MCCAULEY
MCDANIEL WOLFF PLLC
1307 West Fourth Street
Little Rock, AR 72201
(501) 954-8000
scott@mcdanielwolff.com
bart@mcdanielwolff.com
bwebb@mcdanielwolff.com
lmccauley@mcdanielwolff.com

DANIEL S. VOLCHOK
JENNIFER MILICI
KEVIN M. LAMB
JOSEPH M. MEYER
WILMER CUTLER PICKERING
    HALE AND DORR LLP
2100 Pennsylvania Avenue N.W.
Washington, D.C. 20037
(202) 663-6000
jennifer.milici@wilmerhale.com
daniel.volchok@wilmerhale.com
kevin.lamb@wilmerhale.com
joseph.meyer@wilmerhale.com

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because it contains 4,153 words, excluding the portions exempted by Rule 32(f).

This brief complies with the typeface and typestyle requirements of Rules 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft Office 365 in Times New Roman 14-point font.

This brief complies with the electronic-filing requirement of Circuit Rule 28A(h)(2) because it was scanned for viruses and no virus was detected.

/s/ *Daniel S. Volchok*
DANIEL S. VOLCHOK

**CERTIFICATE OF SERVICE**

On January 28, 2026, I electronically filed the foregoing with the Court using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by that system.

/s/ *Daniel S. Volchok*
DANIEL S. VOLCHOK